826 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil Saalim Abdul JABBAAR, Plaintiff-Appellant,
v.
Donal CAMPBELL, et al., Defendants-Appellees.
 No. 87-5033
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1987.
 ORDER
 
 1
 Before KEITH, Circuit Judge, PECK, Senior Circuit Judge, and DOWD, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Upon review, we affirm the district court's dismissal of all but one of plaintiff's claims.
 
 
 3
 In its initial interlocutory order, the district court properly dismissed plaintiff's first and second claims as frivolous upon review of his complaint because plaintiff can prove no set of facts in support of the claim which would entitle him to relief. See Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir. 1985).
 
 
 4
 The district court properly held that plaintiff had no liberty interest in remaining in a particular correctional facility. Prison officials have the discretion to transfer prisoners for any reason. Meachum v. Fano, 427 U.S. 215 (1976).
 
 
 5
 Plaintiff's loss of personal property by state employees is also not actionable under Sec. 1983, as the district court properly held. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). This claim fails to state a cause of action as there is an adequate remedy to pursue under state law. Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc). As determined by the district court, the State of Tennessee provides an adequate remedy for the plaintiff to pursue. In addition, the plaintiff has failed to plead and prove that he does not have adequate state remedies at his disposal. Campbell v. Shearer, 732 F.2d 531 (6th Cir. 1984); Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 469 U.S. 834 (1984).
 
 
 6
 Regarding the summary judgment entered on the remaining claims, we conclude that the district court also properly held that plaintiff's first amendment right to practice his religion was not abridged because no formal religious services were permitted for several months due to the riotous conditions at the prison. Walker v. Mintzes, 771 F.2d 920 (6th Cir. 1985). During the period of time in question, none of the inmates were allowed to participate in formal religious services. The defendants cited several reasons for this temporary curtailment of formal religious services following the prison riot. First, as previously noted, the chapel had been temporarily converted to a cafeteria; therefore, there was not adequate space to accommodate religious services. Second, the prison's chaplain resigned following the riot and a replacement was not hired and trained for several months thereafter. Third, the defendants cited security problems. However, once all these problems were resolved, formal religious services were reinstated for all faiths. The defendants' actions did not violate plaintiff's right to free exercise of religion. Restrictions on inmate group religious services are constitutionally permissible in the period following a riot. Walker, 771 F.2d at 930. A prohibition on prisoner group worship may be justified by important prison objectives, such as in the instant case. See Brown v. Johnson, 743 F.2d 408 (6th Cir. 1984), cert. denied, 469 U.S. 1215 (1985). It is important to note, that during this time period, inmates could hold informal religious services amongst themselves.
 
 
 7
 The district court, however, improperly entered summary judgment on plaintiff's first amendment claim charging a denial of his right to exercise his religion due to his wait of approximately three weeks after his arrival at Turney Center before being placed on a pork-free diet consistent with his Islamic faith. Prison authorities have a duty to accommodate Muslim prisoners' right to a pork-free diet as required by their religious belief. Kenner v. Phelps, 605 F.2d 850 (5th Cir. 1979); Chapman v. Pickett, 586 F.2d 22 (7th Cir. 1978); Kahane v. Carlson, 527 F.2d 492 (2d Cir. 1975). See also Kent v. Johnson, No. 84-1578 (6th Cir. May 18, 1987). Notwithstanding the prison chaplain's affidavit that inmates are currently placed on a pork-free diet immediately upon request, plaintiff has submitted five affidavits from Muslim inmates, including his own, which indicate that their dietary requests for pork-free meals have not been complied with on a consistent basis. These conflicting affidavits indicate that there does exist a genuine issue of material fact. Therefore, the district court's judgment on this issue must be vacated and the case remanded for further consideration.
 
 
 8
 Finally, it is clear that this court does have jurisdiction over this appeal even though the district court did not explicitly reject plaintiff final claim of being limited to two hours of yard privileges a week which allegedly constituted cruel and unusual punishment. This claim arises in the aftermath of a prison riot. The district court already ruled that the riotous conditions justified the restrictions on plaintiff's right to formally exercise his religion. Such conditions, accordingly, would certainly also justify a limitation on plaintiff's yard time. A ruling on the former claim, therefore, implicitly also rejected plaintiff's claim to have more yard time and, accordingly, constituted a final judgment disposing of all claims. See Ford Motor Company v. Transport Indemnity Co., 795 F.2d 538, 543 (6th Cir. 1986) (implicit ruling on claim sufficient to render order final and appealable). Finally, it is also clear that such a ruling was also clearly correct. See Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983).
 
 
 9
 For these reasons, the district court's judgment is hereby affirmed to the extent it dismissed plaintiff's claims regarding his transfer, lost property, the restriction to formally practice his religion and his limited time to exercise in the yard pursuant to Rule 9(b)(5), Rules of the Sixth Circuit; however, the judgment is vacated to the extent it dismissed plaintiff's claim charging the denial of his pork-free diet pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is hereby remanded for further consideration of this claim.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation